**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**FIDEICOMISO ALAN MICHAEL SMYTHE,**
*through its Trustee Kenneth Smythe Fuentes*
Plaintiff,

v.

**JOHN HANCOCK LIFE INSURANCE COMPANY (USA),**
Defendant.

---

**JOHN HANCOCK LIFE INSURANCE COMPANY (USA),**
Counter Claimant, Cross Claimant, and Third-Party Plaintiff,

v.

**FIDEICOMISO ALAN MICHAEL SMYTHE,**
*through its Trustee Kenneth Smythe Fuentes*
Counter Defendant, Cross Defendant,

And

**CARMEN SANCHEZ LAMOSO**,
Third Party Defendant

Civil No. 23-1155 (BJM)

**OPINION AND ORDER**

Following the death of Alan Paul Smythe Fuentes ("Smythe Fuentes"), Plaintiff Fideicomiso Alan Michael Smythe, through its Trustee Kenneth Smythe Fuentes ("The Trust"), sued John Hancock Life Insurance Company (USA) ("John Hancock") for failing to pay it the decedent's life insurance policy. Dkt. 1-2. John Hancock responded by filing an interpleader, counterclaim, and third-party complaint stating it could not pay the policy because Carmen Sanchez Lamoso ("Sanchez Lamoso") had made a competing claim stating she was a life insurance

beneficiary. Dkt. 9. After Sanchez Lamoso responded, Dkt. 19, The Trust moved for summary judgment in its favor claiming she lacked standing. Dkt. 47. Sanchez Lamoso opposed arguing The Trust's motion had various procedural deficiencies and she need not establish standing because she is a defendant, not a plaintiff. Dkt. 48. This court has diversity jurisdiction. On the parties implied consent, this case was referred to me for all proceedings, including the entry of judgment. Dkt. 29. For the reasons that follow, The Trust's motion for summary judgment is **DENIED**.

## BACKGROUND

Neither party submitted a separate statement of facts as required by Local Rule 56. D.P.R. Civ. R. 56(b)–(c). However, in the interest of clarity, I briefly summarize the facts in the record presented in the light most favorable to the nonmoving party. *See, e.g.*, *In re Oak Knoll Assocs., L.P.*, 835 F.3d 24, 29 (1st Cir. 2016). In doing so, I resolve any conflicts between the parties' versions of events in favor of Sanchez Lamoso.

Smythe Fuentes bought a life insurance policy from John Hancock in 2008. Dkt. 9 at 5 ¶ 1; Dkt. 19 at 3 ¶ 2; Dkt. 47 ¶ 13. Over the years, he signed various forms purporting to change the beneficiaries of that policy. Dkts. 47-1, 47-2, 47-3. On the first form, signed in February 2015, he listed his son, Alan Michael Smythe Sanchez ("Smythe Sanchez"), and his wife, Sanchez Lamoso, as equal beneficiaries of the policy. Dkt. 47-1. On the second form, signed March 24, 2020, Smythe Fuentes listed his son as the policy's sole beneficiary. Dkt. 47-2. And on the third form signed November 22, 2020, he listed The Trust as the policy's sole beneficiary. Dkt. 47-3. Smythe Fuentes passed away on either November 27 or November 28, 2020. Dkt. 19 at 3 ¶ 6. On December 16, 2020, Sanchez Lamoso sent a letter to John Hancock asserting her interest in the life insurance policy and requesting information regarding the policy. Dkt. 47-5. She reiterated this request on

January 13, 2021. Dkt. 47-6. In January 2023, The Trust sued John Hancock in Puerto Rico court for failing to pay it the proceeds of the life insurance policy, Dkt. 1-2, and John Hancock then removed that claim to this court. Dkt. 1.

**APPLICABLE LEGAL STANDARDS**

The court views the record on summary judgment in the light most favorable to the nonmovant. *See, e.g.*, *Rojas-Ithier v. Sociedad Española de Auxilio Mutuo y Beneficencia de Puerto Rico*, 394 F.3d 40, 43 (1st Cir. 2005). However, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has presented evidence of the absence of a genuine issue, the nonmoving party must respond by "placing at least one material fact into dispute." *FDIC v. Anchor Props.*, 13 F.3d 27, 30 (1st Cir. 1994).

This is a diversity action; thus, the substantive law of the forum state controls. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). For this purpose, Puerto Rico is treated as the functional equivalent of a state. *See, e.g.*, *Rolón–Alvarado v. Mun. of San Juan,* 1 F.3d 74, 77 (1st Cir. 1993).

**DISCUSSION**

The Trust moves for summary judgment arguing Sanchez Lamoso lacks standing to bring her claim that Smythe Fuentes was incompetent when he removed her from the list of his life insurance policy's beneficiaries in November 2022 because Smythe Fuentes removed her in March of that year. Dkt. 47 at 3–7. Sanchez Lamoso responds that The Trust's motion should be denied because it failed to include a separate statement of uncontested material facts and presented evidence that would be inadmissible at trial. Dkt. 48 at 2–4. Further, she argues its standing

argument is misplaced because she is a defendant. *Id.* at 4–5. Also, she contends she has standing in her capacity as her minor son's legal representative, *id.* at 5, and she argues that, if I find her minor son is an indispensable party, I can order him joined to this lawsuit. *Id.* However, I do not reach these last two arguments because I agree that The Trust's standing argument is misplaced.

## I. Statement of Uncontested Material Facts

As mentioned, neither party included a statement of uncontested material facts ("SUMF"). Sanchez Lamoso contends this deficiency requires denying The Trust's motion. Dkt. 48 at 2–3. On summary judgment, a party asserting facts are or are not genuinely disputed must support its assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). In this district, a summary judgment motion "shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." D.P.R. Civ. R. 56(b). This "anti-ferret rule is intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." *Lopez-Hernandez v. Terumo Puerto Rico LLC*, 64 F.4th 22, 26 (1st Cir. 2023) (citations omitted). The First Circuit has "repeatedly emphasized the importance of complying with said local rule and have implored litigants to comply or ignore it 'at their peril.'" *Id.*

Sanchez Lamoso argues The Trust's failure to include a SUMF warrants denying its motion. Dkt. 48 at 3 (citing *Hogar Club Paraiso, Inc. v. Varela Llavona*, 208 F.R.D. 481, 482 (D.P.R. 2002)). However, I note "[t]his Court has oftentimes, in its exercise of discretion, excused technical defalcations where the statements of fact are imperfectly made." *Baez v. DeJoy*, 2023 WL 3766080, at *2 (D.P.R. June 1, 2023). Here, The Trust's motion includes a section titled "Undisputed Facts and Main Argument" which includes seven paragraphs containing a mix of

purported facts and legal claims. Dkt. 47 at 4–6. Nevertheless, just three of these paragraphs cite to the record. *Id.* ¶¶ 16–18. And one of them is purely a legal conclusion. *See id.* ¶ 18 ("Carmen Sanchez Lamoso's claims have been conjectural and hypothetical, not real."). Thus, only two paragraphs contain purported facts and record citations. This halfhearted attempt at compliance arguably warrants denying The Trust's motion without further discussion. *See Hogar Club*, 208 F.R.D. at 482–83 (denying motion containing 14 statements of facts where only three facts contained general citations to the record). However, I consider whether The Trust's is entitled to summary judgment based on the purported facts supported by record citations and ultimately find it is not.

Before proceeding, I note Sanchez Lamoso objects to The Trust's cited evidence, three John Hancock forms entitled "Change of Beneficiary" and a Spanish language death certificate, arguing they were inadmissible hearsay and/or unauthenticated documents. Dkt. 48 at 3–4. I need not address this argument because I deny The Trust's motion for summary judgment on other grounds.

## II. Standing

The Trust moves for summary judgment arguing this court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Sanchez Lamoso lacks standing to bring her claim as required by Article III of the Constitution. Dkt. 47. Article III standing requires a plaintiff show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) [sic] it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Services*

*(TOC), Inc.*, 528 U.S. 167, 180–181 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

The Trust argues Smythe Fuentes lacks Article III standing to bring her claim that Smythe Fuentes was incapacitated when he removed her as a life insurance beneficiary in November 2020 because he removed Sanchez Lamoso from his life insurance policy in March 2020. Dkt. 47 at 5 ¶ 17. It cites a 2015 "Change of Beneficiary" form listing Sanchez Lamoso as a beneficiary, Dkt. 47-1, a March 2020 form listing only the couple's minor son as a beneficiary, Dkt. 47-2, and a November 2020 form listing a trust, Fideicomiso Alan Michael Smythe, as the sole beneficiary. Dkt. 47-3. In response, Sanchez Lamoso argues she need not establish Article III standing because she is a third-party defendant, not a plaintiff. Dkt. 48 at 4. Further, she contends she has standing to represent herself and her minor son under Puerto Rico's *patria protestad* doctrine because she believes they were listed as primary beneficiaries of the policy until a few days before the death of the decedent. Dkt. 47-5 at 1; 47-6 at 1; Dkt. 48 at 5.

Sanchez Lamoso first argument suffices to defeat summary judgment. This is an interpleader claim. "As a defendant insurer faced with competing claimants to the proceeds of a life insurance policy, [John Hancock] had standing to claim interpleader." *Forcier ex rel. Forcier v. Forcier*, 406 F. Supp. 2d 132, 140 (D. Mass. 2005), *aff'd sub nom. Forcier v. Metro. Life Ins. Co.*, 469 F.3d 178 (1st Cir. 2006) (citing Fed. R. Civ. P. 22). And though The Trust doubts Sanchez Lamoso's claim has merit, "to support an interpleader action, the adverse claims need attain only 'a minimal threshold level of substantiality.'" *Equitable Life Assur. Soc. of the U.S. v. Porter-Englehart*, 867 F.2d 79, 84 (1st Cir. 1989) (citation omitted). "Indeed, in the usual case, at least one of the claims will be very tenuous." *Id.* That is because "the threat of possible multiple

litigation—not necessarily the likelihood of duplicative liability—justifies resort to interpleader." *Id.*

Here, though The Trust believes it is the sole beneficiary of Smythe Fuentes's life insurance policy, Sanchez Lamoso believes either she or her son were beneficiaries until just days before Smythe Fuentes died. And she argues Smythe Fuentes was incapacitated when this change was made. Thus, she threatened John Hancock with litigation on behalf of herself and her son if it did not pay one or both of them the proceeds of the policy. Dkts. 47-5, 47-6. Accordingly, because it was faced with more than one colorable claim to the policy, John Hancock appropriately filed an interpleader action.

## CONCLUSION

For the foregoing reasons, The Trust's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of May 2024.

S/ *Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge